IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| USC IP PARTNERSHIP, L.P., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:20-cv-00555-ADA |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| FACEBOOK, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT FACEBOOK, INC.'S OPENING BRIEF IN SUPPORT OF
ITS RULE 12(b)(6) MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 2

    A.      Legal Standard For Motion to Dismiss ................................................... 2

    B.      The Complaint Fails to State a Claim for Direct Infringement ............. 4

    C.      The Complaint Fails to State a Claim for Indirect Infringement. ......... 7

    D.      The Complaint Fails to State a Claim for Willfulness-Based Enhanced
        Damages................................................................................................... 9

III.    CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-cv-0702-XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011)...............................8

*AIDS Healthcare Found., Inc. v. Gilead Scis., Inc*.,
   890 F.3d 986 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 415, 202 L. Ed. 2d 314
   (2018)..............................................................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................2, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................2, 10

*Castlemorton Wireless, LLC*, v. *Comcast Corp.*, *Comcast Cable Commc'ns, LLC*,
   2020 WL 2778417, No. 6:20-cv-00034-ADA (W.D. Tex. April 7, 2020)..............................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)........................................................................................................2

*De La Vega v. Microsoft Corp.*,
   No. 19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...........................4, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)................................................................................................. *passim*

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   136 S.Ct. 1923 (2016)......................................................................................................3, 10

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014)..............................................................................................................7

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ............................3, 8, 10

*Modern Telecom Sys., LLC v. TCL Corp.*,
   No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017).........................................7

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   2019 WL 3940952 (W.D. Tex. July 26, 2019) (Albright, J.) ...............................................3, 9

*Parus Holdings Inc. v. Apple Inc.*,
   6:19-cv-00432-ADA (W.D. Tex.) (November 5, 2019) (Attached hereto as
   Ex. 1)....................................................................................................................................8

# TABLE OF AUTHORITIES
## Continued

**Page(s)**

*In re Seagate Technology, LLC,*
   497 F.3d 1360 ....................................................................................................10

*Välinge Innovations AB v. Halstead New England Corp.,*
   2018 WL 2411218 (D. Del. May 29, 2018)............................................................3

*VLSI Tech. LLC v. Intel Corp.,*
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ...............................3

*VLSI Technology, LLC v. Intel Corp.,*
   No. 6:19-cv-254-ADA, 2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6,
   2019) ................................................................................................................8, 9

**Statutes**

35 U.S.C.
   §§ 271(b)-(c) ................................................................................................2, 3, 7
   § 284 ......................................................................................................................10

**Other Authorities**

Rule 12(b)(6)..............................................................................................................2

## I.  INTRODUCTION

Plaintiff USC IP Partnership, L.P.'s ("Plaintiff") complaint should be dismissed because it does not assert plausible claims of direct infringement, indirect infringement (both pre and post-suit), or willful infringement.

Plaintiff's claim of direct infringement fails because it does not plead any facts plausibly showing that any Facebook product or service includes a number of the claim limitations of the asserted claim.[1]  In particular, the complaint never identifies any "intent engine" in the accused Facebook system, nor does it describe how any of the "intent engine" related limitations are met by the Facebook accused system.  Indeed, this is likely because no such "intent engine" exists.  Plaintiff's complaint therefore fails to state a claim for relief for direct infringement.  As direct infringement is a prerequisite for a finding of indirect infringement, Plaintiff's indirect infringement claims fail as well.

The complaint's allegations of pre-suit contributory or induced infringement are also deficient.  *First,* Plaintiff's pre-suit indirect infringement claims should be dismissed because the complaint does not allege that Facebook had any pre-suit knowledge of infringement of the '300 patent.  *Second*, Plaintiff's pre-suit indirect infringement claims should be dismissed because Plaintiff does not plead any facts which, if taken as true, could support a finding that Facebook took "deliberate actions to avoid confirming a high probability of wrongdoing" such that Facebook "can almost be said to have actually known the critical facts."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

Plaintiff's willful infringement allegations should similarly be dismissed.  *First*, as is true

---

[1] Facebook denies any and all allegations of infringement and also denies that the complaint has adequately pled infringement with respect to any limitation of any asserted claim.

for Plaintiff's indirect infringement claims, Plaintiff's willfulness-based enhanced damages claim fails due to a lack of alleged pre-suit knowledge. *Second*, Plaintiff's willfulness allegations amount to nothing more than threadbare recitals of the (wrong) legal standard for willfulness, and are thus fatally flawed.

## II.    ARGUMENT

### A.    Legal Standard For Motion to Dismiss

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  (citing *Twombly*, 550 U.S. at 555).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to show that the pleader is entitled to relief and it should be dismissed.  *Id.* at 679.

Allegations under 35 U.S.C. §§ 271(b)-(c) require the plaintiff to plead specific facts sufficient to show, if proven true, that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit.  *See, e.g.*, *Global-Tech,* 563 U.S. at 765-66 (induced infringement, like contributory infringement, requires "knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge

2

of patent infringement."); *Parity Networks, LLC v. Cisco Sys., Inc.*, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (Albright, J.) (complaint for indirect infringement requires allegations of "pre-suit knowledge Defendant had of the asserted patents"); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018) ("[i]ndirect infringement under Section 271(b)–(c) requires actual knowledge of or willful blindness to the infringed patent's existence.") (citing *Global-Tech*, 563 U.S. at 766); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019) (dismissing indirect infringement claims for failure to plead facts sufficient to establish actual knowledge or willful blindness). A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Similarly, a plaintiff who alleges that an accused infringer has engaged in willful infringement must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer not only had pre-suit knowledge of the patent-in-suit, but also that "([1]) after acquiring that knowledge, it infringed the patent; and ([2]) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (quoting *Välinge Innovations AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)); *see also VLSI Tech. LLC v. Intel Corp.,* No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claims because "the complaint itself cannot serve as the basis for a defendant's actionable knowledge [of the patent]. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.").

**B.      The Complaint Fails to State a Claim for Direct Infringement**

Plaintiff fails to state a plausible claim for direct infringement because the complaint does not contain any facts that could plausibly support an inference that any Facebook product practices each of the limitations in the asserted claim. *De La Vega v. Microsoft Corp.*, No. 19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing with prejudice the plaintiff's complaint where "'the Complaint [was] devoid of allegations that would support an inference that [defendant] (or anyone) perform[ed] the coupling steps.'")  Claim 1, which is the only claim the complaint alleges Facebook infringed, requires:[2]

> receiving into an <u>intent engine</u> at least one input parameter from a web browser displaying the webpage;
>
> processing the at least one input parameter in the <u>intent engine</u> to determine at least one inferred intent;
>
> providing the at least one inferred intent to the web browser to cause the at least one inferred intent to be displayed on the webpage;
>
> prompting the visitor to confirm the visitor's intent;
>
> receiving a confirmed intent into the <u>intent engine</u>;
>
> processing the confirmed intent in the <u>intent engine</u> to determine at least one recommended webpage that matches the confirmed intent, the at least one recommended webpage selected from a plurality of webpages within a defined namespace;
>
> causing the webpage in the web browser to display at least one link to the at least one recommended webpage;
>
> prompting the visitor to rank the webpage for the inferred intent;
>
> receiving a rank from the web browser;
>
> and storing a datapoint comprising an identity of the webpage, the inferred intent and the received rank.

---

[2] Each of the independent claims requires an "intent engine."  ('300 patent at 19:6-10 (Claim 5); 20:2-5, 20:10 (Claim 11).)

(D.I. 1, Ex. A, ('300 patent) at 18:36-58 (Claim 1) (underlining added).)  The complaint does not include any allegations that would support a plausible inference that Facebook (or anyone) meets any of the limitations in claim 1 that involve an "intent engine."  Specifically, nowhere in the complaint does the Plaintiff provide any description of the purported "intent engine" in the Accused Instrumentality (or any product for that matter).  Nor does the complaint explain *how* such an "intent engine" is used to meet these claim limitations.  Instead, the complaint vaguely alleges, with conclusory statements, that "Defendant" performs the limitations and refers to screenshots without tying any Facebook system to the "intent engine" claim language.  Exemplary allegations from the complaint are depicted below.

> "By making and using the Accused Instrumentalities, <u>Defendant receives input parameters</u> from a web browser displaying a webpage."  (D.I. 1, ¶ 36) (underlining added).

> "By making and using the Accused Instrumentalities, <u>Defendant processes "signals,"</u> <u>including input parameters</u>, related to the visitor to the Accused Instrumentalities to infer intent."



(D.I. 1, ¶ 37)  (underlining added).

> "By making and using the Accused Instrumentalities, Defendant prompted the visitor to confirm the visitor's intent by, for example, reacting to the stories displayed to the visitor, or providing feedback for the stories."



(D.I. 1, ¶ 41.)

"By making and using the Accused Instrumentalities, Defendant recommended and displayed a link to at least one webpage, such as an advertisement, that matches the visitor's confirmed intent."



(D.I. 1, ¶ 42.)  None of these statements or screenshots identify any Facebook product or feature that constitutes an "intent engine."  Nor do they identify how any such "intent engine" is used to satisfy the claim limitations.  Without more, these allegations fail to state a plausible claim for infringement.  *De La Vega*, 2020 WL 3528411, at *6 (dismissing with prejudice the plaintiff's complaint where the plaintiff "merely repeat[ed] the claim language and block quote[d] passages from his Original Complaint."); *see also Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 WL 6524526, at *3 (D. Del. Dec. 21, 2017) ("simply parroting back the words of the claim and stating (without more) that the Blackberry PRIV infringes that claim is not helpful").  The complaint's direct infringement claims should be dismissed.

### C.   The Complaint Fails to State a Claim for Indirect Infringement.

Plaintiff also fails to plausibly allege any claim of indirect infringement.  Sections 271(b)-(c) require a patentee to show that its patent was directly infringed.  *See, e.g., Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[O]ur case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] … direct infringement.'"); *see also AIDS Healthcare Found., Inc. v. Gilead Scis., Inc*., 890 F.3d 986, 992 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 415, 202 L. Ed. 2d 314 (2018) ("Liability for induced infringement requires that some other entity is directly infringing the patent."); *De La Vega*, 2020 WL 3528411, at *7 ("To support a claim for indirect infringement, a plaintiff must plead 'facts sufficient to allow an inference that at least one direct infringer exists.'") (citation omitted).  For the reasons discussed above, Plaintiff makes no such showing of direct infringement here.  Plaintiff's indirect infringement claims should be dismissed.

To the extent Plaintiff alleges pre-suit indirect infringement, those allegations should be dismissed because the complaint fails to allege *any facts* that Facebook had pre-suit knowledge of infringement of the '300 patent.  *Global-Tech,* 563 U.S. at 765-766 (2011).  Rather, the complaint

merely provides that "Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action." (D.I. 1, ¶ 53).  This conclusory allegation, even if taken as true, does not allow for any inference, let alone a reasonable one, that Facebook had actual pre-suit knowledge of any alleged infringement of the '300 patent.  It did not.  This Court has routinely held that such allegations are insufficient to support a pre-suit indirect infringement claim.  *See, e.g.*, *Castlemorton Wireless, LLC*, *v. Comcast Corp., Comcast Cable Commc'ns, LLC*, 2020 WL 2778417, No. 6:20-cv-00034-ADA (W.D. Tex. April 7, 2020) (moving to dismiss plaintiff's pre-suit induced infringement claims where the complaint alleged that the accused infringer "had knowledge of the [Patent-in-Suit] since at least service of this Complaint or shortly thereafter."); *Id.* at Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only); *see also Parus Holdings Inc. v. Apple Inc.*, 6:19-cv-00432-ADA (W.D. Tex.) (D.I. 35) (November 5, 2019) (Attached hereto as Ex. 1); *Id.*, Minute Order Granting Motion to Dismiss (D.I. 101) (Jan. 31, 2020) (text order only); *VLSI Technology, LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, 2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6, 2019); *Meetrix IP v. Cisco Sys.* at *2; *Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."). Plaintiff's indirect infringement claims should thus be dismissed to the extent Plaintiff alleges pre-suit induced or contributory infringement because Plaintiff has failed to set forth any plausible allegation that Facebook had pre-suit knowledge of any alleged infringement of the '300 patent.

Plaintiff's conclusory willful blindness allegation is similarly insufficient to support any pre-suit indirect infringement allegations in its complaint.  The complaint merely alleges, on information and belief, that "Defendant has a policy or practice of not reviewing the patents of

others."  But even if that were true, it does not amount to any allegation that Facebook was willfully blind to *its infringement* of the '300 patent, as is required.  *Global-Tech*, 563 U.S. at 766.  Indeed, this Court has recently held that bare allegations of a company's alleged "policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness."  *VLSI Technology,* 2019 U.S. Dist. LEXIS 155285 at *3.  Plaintiff's indirect infringement claims should thus be dismissed to the extent Plaintiff alleges pre-suit induced or contributory infringement because Plaintiff's complaint is devoid of any factual allegations supporting its claim that Facebook was willfully blind to any infringement of the '300 patent.

### D.     The Complaint Fails to State a Claim for Willfulness-Based Enhanced Damages.

To the extent Plaintiff alleges willful infringement, those allegations are similarly deficient due to Plaintiff's failure to plead any facts regarding Facebook's alleged pre-suit knowledge of any infringement of the '300 Patent.  *See, supra* Section IV(C).  A claim for willfulness-based enhanced damages requires knowledge of alleged infringement of the asserted patent "as of the time of the claim's filing."  *Parity Networks*, 2019 WL 3940952, at *3.  Plaintiff's bald assertion that "Defendant's direct and indirect infringement of the Asserted Patent is, has been, and continues to be willful" cannot be supported by its claim that "Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action," or by any other allegation in its complaint.  The simple fact is, there was no pre-suit notice.

Moreover, even if Plaintiff had plausibly alleged any facts of Facebook's pre-suit knowledge of infringement of the '300 patent, its claim for willfulness-based enhanced damages should still fail because Plaintiff's allegations amount to no more than a "threadbare recital" of the

claim elements for willfulness and are therefore insufficient.[3]  *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Meetrix*, 2018 WL 8261315, at *3.  As this Court has made clear, "[a] threadbare recital of the elements of willful infringement, supported by mere conclusory statements, does not suffice."  *Meetrix*, 2018 WL 8261315, at *3.  Plaintiff's willful infringement allegations should therefore be stricken and its claim for willfulness-based enhanced damages under 35 U.S.C. § 284 should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court dismiss Plaintiff's claims for direct and indirect infringement, as well as Plaintiff's claim for willfulness-based enhanced damages.

---

[3] Facebook notes that the complaint recites the standard for willfulness-based enhanced damages set forth in *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371, which was abrogated by the Supreme Court in *Halo*, 136 S. Ct. 1923, 1925 (2016). *Cf.* D.I. 1 at 55 ("Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant."), *with In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007), *abrogated by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . .  If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer.")

Dated:  August 28, 2020

/s/ Heidi L. Keefe

Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone:     (650) 843-5000
Fax:                (650) 849-7400
hkeefe@cooley.com

*Attorneys for Defendant Facebook Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 28, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Heidi L. Keefe*
Heidi L. Keefe