IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| USC IP PARTNERSHIP, L.P., <br><br>    Plaintiff, <br><br>    v. <br><br> FACEBOOK, INC., <br><br>    Defendant. | CIVIL ACTION NO. 6:20-cv-555 <br><br><br><br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF USC IP PARTNERSHIP, L.P.'S RESPONSE TO DEFENDANT
FACEBOOK, INC.'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff USC IP Partnership, L.P. ("USC IP") files this response to Facebook, Inc.'s ("Facebook") Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (the "Motion"). For the following reasons, the Motion should be denied in its entirety.

**I.   INTRODUCTION**

The Motion asks the wrong question at the wrong time. Facebook knows exactly which of its own systems are accused of infringing the asserted patent. But Facebook wants the Court to order USC IP, at the initial pleading stage, to explain how each and every element of the asserted claims are found in Facebook's accused systems. In essence, Facebook requests the inclusion of infringement contentions in the complaint.

The Motion is thus an invitation to the Court to establish a rule requiring patent plaintiffs to submit detailed infringement contentions when they file their complaint. That invitation should be rejected because it has no basis in the applicable law, including the relevant statutes, Federal Rules, and the controlling precedent—all of which establish permissive pleading standards for patent plaintiffs. Indeed any gaps in Facebook's knowledge regarding which of its systems

infringe (and how) have been explained in USC IP's infringement contentions, which were timely served on September 4, 2020. The Motion should therefore be rejected in full. In the alternative, USC IP respectfully requests that the Court grant it leave to amend its Complaint to remedy any deficiency.

II. **ARGUMENT**

   a. **Legal Standard**

In the Fifth Circuit, the "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting FED. R. CIV. P. 12(b)(6)) (Bryson, J.). "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). "The court's task is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *MatrixCare Holdings, Inc. v. Jakubowicz*, No. 6:19-cv-00003-ADA-JCM, 2019 U.S. Dist. LEXIS 100827, at *4 (W.D. Tex. Apr. 22, 2019), *adopted sub. nom. Matrixcare Holdings, Inc. v. Jakubowicz*, 2019 U.S. Dist. LEXIS 100826 (W.D. Tex., May 8, 2019) (Albright, J.).

The plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id.* Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should

generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

When deciding motions to dismiss, Federal Rule 15(a) instructs the Court to "freely give leave [to amend] when justice so requires," within the discretion of the Court. FED. R. CIV. P. 15(a)(2); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 U.S. Dist. LEXIS 57309, at *6 (W.D. Tex. Apr. 4, 2018) (Pitman, J) (granting a partial motion to dismiss claim for contributory infringement and granting plaintiff leave to amend complaint for a second time). The Fifth Circuit and its District Courts have interpreted Federal Rule 15(a) to "evince[] a bias in favor of granting leave to amend." *Lyn—Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *see also Iron Oak Techs., LLC*, 2018 U.S. Dist. LEXIS 57309 at *6 ("Rule 15 favors giving leave to amend."). Indeed, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)) (finding the district court abused its discretion in denying plaintiffs' request for leave to amend).

### b. USC IP's Infringement Claims Should Not Be Dismissed Because the Complaint Sufficiently Identifies Defendant's Accused Instrumentalities.

Facebook asserts that the entire Complaint should be dismissed on the erroneous theory that the Complaint does not sufficiently identify the Accused Instrumentalities. Dkt. No. 9, Mot. at 4-7. Facebook does not claim that it is unaware of which of its products allegedly infringe, but it instead complains that Facebook does not know where in its products the claimed "intent engine" is found. Facebook alleges that USC IP has not "provid[ed] any description of the purported 'intent

engine'" and that USC has not explained "*how* such an 'intent engine' is used to meet [the] claim limitations." *Id.* at 5 (emphasis in original). Such complaints are inappropriate when a defendant is faced with adequate infringement contentions, and USC IP's infringement contentions are not at issue in the Motion.

Facebook is demanding nothing less than USC IP prove its case through the Complaint. Yet USC IP has already gone above and beyond the short and concise statement of its accusations, as required by the Federal Rules: the Complaint identifies Defendant's Facebook News Feed as the infringing Accused Instrumentalities, and nothing more is required at this stage of the case. *See* Compl. ¶ 31; *R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1335 (Fed. Cir. 2012) ("Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to . . . identify which claims it asserts are being infringed."). But the Complaint goes even further—it specifically describes how the Facebook News Feed infringes Claim 1 of the Asserted Patent. *Id.* ¶¶ 32-45. Short of a full-blown element-by-element analysis, which the law plainly does not require in the Complaint, it is difficult to see how the Complaint could have described the Accused Instrumentalities with more detail.

Indeed this Court and other district courts in the Fifth Circuit have denied motions to dismiss based on descriptions of accused instrumentalities that are less detailed than that provided by USC IP. *See, e.g.*, *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094 (W.D. Tex. Jul. 26, 2019) (Albright, J.) (denying a motion to dismiss direct and indirect infringement claims when plaintiff accused numerous "[e]xemplary infringing products") (Dkt. No. 1, Compl. at ¶ 38); *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-cv-134-LY, 2015 U.S. Dist. LEXIS 74262, at *9-11 (W.D. Tex. Mar. 24, 2015) (Yeakel, J.) (denying a motion to dismiss direct infringement claims, despite the plaintiff asserting

4

"one or more" of the over 900 claims across six patents-in-suit); *MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*, No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *9 (E.D. Tex. Jun. 7, 2016) (Love, J.) (denying a motion to dismiss when plaintiff alleged infringement of systems "such as the Blackberry Enterprise Solution," holding that "[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage."); *Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Payne, J.) (denying a motion to dismiss when plaintiff alleged infringement of a "specific supercomputer," and concluding that "factual assertions about what specific components, features, or capabilities the accused products have, let alone *how* they allegedly infringe [are] not required at the pleading [stage]") (emphasis in original).

In the Complaint, USC IP specifically identifies the patent that is allegedly infringed. *See* Compl. ¶ 16. And USC IP describes, with specificity, the different aspects of predicting the intent of a visitor to a webpage that are claimed in the asserted patent, for example: "The method in claim 1 uses the intent engine to predict the intent of a visitor by receiving at least one input parameter from a web browser displaying a webpage." *Id.* ¶ 24. The Complaint also identifies an exemplary claim of the Asserted Patent that Defendant infringes. *Id.* ¶¶ 20-29 (specifically identifying and explaining Claim 1 of the '300 patent). And the Complaint further identifies the particular systems that Defendant uses in infringing the identified patent claims, along with the constituent parts of the Accused Instrumentalities: "the Facebook News Feed," "including its computing infrastructure." *See id.* ¶ 31. USC IP has thus transparently accused Defendant's Facebook News Feed and the associated computing infrastructure of patent infringement, and Facebook therefore has more than enough information to understand what USC IP identifies as the Accused Instrumentalities. At the motion to dismiss stage, USC IP is not required to identify

precisely where individual components of the Asserted Patent are located within Facebook's system, nor how they operate. Such a requirement would run contrary to the Federal Circuit's mandate that "a plaintiff should not be barred at the dismissal stage 'when the operation of [the accused] systems is not ascertainable without discovery.'" *Raytheon Co.*, 2017 U.S. Dist. LEXIS 56729, at *11 (quoting *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).

Moreover, to the extent Facebook seeks to understand more particularly how it infringes the Asserted Patent, that information has been provided in USC IP's infringement contentions, which were served on September 4, 2020. *See* Order Governing Proceedings – Patent Case, Dkt. No. 11 (Sept. 2, 2020). Service of those documents alone should render the Motion moot on this issue. *See, e.g.*, *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-cv-00207-ADA, 2019 U.S. Dist. LEXIS 144094, at *4 (W.D. Tex. Jul. 26, 2019) (Albright, J). (denying a motion to dismiss direct infringement claim, holding that "Plaintiff's pleadings are sufficient and [] any deficiencies will necessarily be addressed when Plaintiff serves its infringement contentions as is required"); *Pers. Audio, LLC v. Google, Inc.*, No. 1:15-cv-350, 2017 U.S. Dist. LEXIS 122635, at *11-12 (E.D. Tex. May 15, 2017) (denying a motion to dismiss and "acknowledg[ing] a relationship between the plausibility analysis and early service of infringement contentions") (Clark, J.); *MAZ Encryption Techs. LLC*, 2016 U.S. Dist. LEXIS 191607, at *9-10 (E.D. Tex. Jun. 7, 2016) ("Allegations to the level of detail contained in infringement contentions are not required at the pleading stage. Indeed, the local rules of this Court require Plaintiff to serve its infringement contentions upon Defendants shortly after the complaint is served and the initial scheduling conference is set.").

Facebook cites two cases in support of its assertion that the Complaint was required to provide more detailed allegations at this stage of the case.  The only controlling case of those two, *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 U.S. Dist. LEXIS 116081 (W.D. Tex. Feb. 7, 2020) (Albright, J.), is distinguishable in numerous respects, primarily because *De La Vega* is about joint infringement.  *Id.* at *1-2.  The claims at issue in *De La Vega* plainly required multiple actors.  *Id.* at *9.  Yet the plaintiff in *De La Vega* failed to allege and explain how the defendants performed the "coupling" steps, which was a limitation in one of the claims of the asserted patent.  *Id.* at *15-16.  In failing to do so, the plaintiff's pleadings were so deficient that they raised questions about his good-faith basis for alleging infringement.  *Id.* at *10-11.  These issues provided the basis for granting the defendant's motions to dismiss with prejudice, but that is not the situation in the instant case.  *Id.* at *19.  While Facebook seeks to analogize the coupling limitation in *De La Vega* to the "intent engine" in claim 1 of the Asserted Patent, the two issues are entirely different.  *See* Dkt. No. 9, Mot. at 4-5.  The plaintiff in *De La Vega* was required to explain the coupling limitation in order to state a claim because he needed to allege that the defendants performed the coupling steps in order to state a claim for joint infringement.  *De La Vega*, 2020 U.S. Dist. LEXIS 116081, at *15-16.  Here, USC IP has explained how Facebook performs the limitations of claim 1 of the Asserted Patent to state a claim for direct infringement; at this stage of the litigation, USC IP is not required to identify the features or products that constitute the "intent engine" at Facebook.  *See, e.g. Raytheon Co.*, 2017 U.S. Dist. LEXIS 56729 at *10.[1]  While *De La Vega* is instructive for joint infringement cases, it is simply inapplicable here.

---

[1] The other case cited by Facebook, *Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 U.S. Dist. LEXIS 209717 (D. Del. Dec. 21, 2017), while not controlling, is also distinguishable because that plaintiff merely recited the words of the claim in the complaint,

7

In short, Facebook's arguments are incorrect on both the facts and law: USC IP has identified the specific patent, the specific claim, and the specific Accused Instrumentalities as required to state a claim and to defeat the Motion. *See id.*; *MAZ Encryption Techs. LLC*, 2016 U.S. Dist. LEXIS 191607, at *9. Facebook's remaining arguments are based on an incorrect interpretation of the pleading requirements, conflating the plaintiff's well-pled complaint with infringement contentions. *See, e.g.*, *In re Bill of Lading*, 681 F.3d at 1335 ("Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met . . . Indeed, a plaintiff need not even identify which claims it asserts are being infringed."). The Motion should therefore be denied.

### c. USC IP's Claims of Indirect and Willful Infringement as to "Pre-Suit" Infringement Should Not Be Dismissed Because the Complaint Sufficiently Alleges Defendant's Knowledge of the Asserted Patent.

Facebook also argues that the Complaint's claims of pre-suit indirect and willful infringement should be dismissed because they supposedly fail to allege that Facebook had pre-suit knowledge of the Asserted Patent.[2] Dkt. No. 9, Mot. at 6-8. The Motion should be denied as

---

leading the court to conclude that a complaint consisting of "Your product infringes my patent claim" fails to establish a basis for plausibility. *Id.* By contrast, USC IP has explained in sufficient detail how the Facebook News Feed infringes at least claim 1 of the Asserted Patent. *See* Compl. ¶¶ 31-46. For example, USC IP alleges that "[b]y making and using the Accused Instrumentalities, Defendant prompted the visitor to rank the webpage for inferred intent by, for example, reacting to the webpage or providing feedback. By making and using the Accused Instrumentalities, Defendant received the ranking from the visitor's web browser and subsequently stored it in a datapoint along with the identity of the webpage and the inferred intent." *Id.* ¶¶ 43-44. The fact that USC IP has provided screenshots of the Facebook News Feed to illustrate its allegations does not undermine the allegations in any way; to the contrary, the screenshots demonstrate the extent to which USC IP has sought to identify the Accused Instrumentalities with all publicly available information. *Id.*

[2] Defendant's catch-all argument against USC IP's allegations of indirect infringement is that USC IP failed to sufficiently allege direct infringement, as is required to state a claim for indirect infringement. Dkt. No. 9, Mot. at 7. USC IP does not dispute that the law requires a sufficient allegation of direct infringement to make a showing of indirect infringement. *See, e.g., Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). As shown in Section

to both indirect infringement and willful infringement on two grounds: first because attempting to parse pre-filing scienter from post-filing scienter is premature at the pleadings stage, and second because the relevant caselaw makes clear that willful infringement does not require pre-suit knowledge of the asserted patent.

*Indirect Infringement*.  The Complaint alleges that Facebook had knowledge of USC IP's patents "at least as of the date when it was notified of the filing of this action." *See* Compl. ¶ 53. Facebooks asserts that the allegation does not suffice to allege knowledge of the Asserted Patents for purposes of indirect infringement.  But trial courts in the Fifth Circuit have repeatedly held that "pre-suit" and "post-suit" indirect infringement claims should not be evaluated separately at the motion to dismiss stage.  For example, in *Lochner Techs., LLC v. AT Labs Inc.,* No. 2:11-cv-242, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. Jul. 5, 2012) (Gilstrap, J.), the court declined to dismiss a plaintiff's indirect infringement claims, even though the plaintiff did not allege pre-suit knowledge of the asserted patents.  The court rejected the defendants' argument that there was a "pleading deficiency at least with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint" and thus denied defendants' motion to dismiss on that basis.  *Id.; see also Cellular Commc'ns. Equip. LLC v. HTC Corp.,* No. 6:13-cv-507, 2015 U.S. Dist. LEXIS 179461, at *26-27 (E.D. Tex. Mar. 27, 2015) (Davis, J.) (denying motion to dismiss indirect infringement claims based on failure to allege "pre-suit" knowledge and citing *Lochner Techs.*); *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *3-4 (E.D. Tex. Aug. 10, 2012) (Gilstrap, J.) (same).  The courts' subsequent jurisprudence confirms that there is no reason "to depart from the reasoning of these cases." *See*

---

II(b), *supra*, USC IP has met the pleading standard for direct infringement and the supposed deficiencies raised by Facebook do not provide any basis to dismiss the direct nor the indirect infringement claims.

*Alacritech Inc. v. Centurylink, Inc.*, No. 2:16-cv-00693-RWS-RSP, 2017 U.S. Dist. 155687, at *8-9 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss pre-suit indirect infringement claims because plaintiff alleged knowledge of the asserted patents as of service of the complaint). At this early stage of the case, it follows that indirect infringement claims should not be parsed between pre- and post-suit knowledge, so that the Court and the parties can conserve judicial and party resources.[3]

Facebook's cited authorities do not compel a departure from the reasoning of the cases cited above. In the majority of cases that Facebook cites, the Court granted a motion to dismiss pre-suit indirect infringement claims, but it freely granted the plaintiffs leave to amend, acknowledging that, without discovery, plaintiffs face a difficult pleading standard. For example, in *Castlemorton Wireless, LLC, v. Comcast Corp., Comcast Cable Commc'ns, LLC,* 2020 WL 2778417, No. 6:20-cv-00034-ADA (W.D. Tex. Apr. 7, 2020) (Albright, J.), the Court noted in its Minute Entry that "given that it may have been impossible for [plaintiff] to [plead sufficient pre-suit knowledge facts] without the benefit of fact discovery, in accordance with the Court[']s usual practice, the Court permits [plaintiff] to amend its complaint after the start of fact discovery to include pre-suit induced infringement if it is able to elicit sufficient facts to support such an allegation." *Id.* at Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only); *see also Parus Holdings Inc. v. Apple Inc.,* 6:19-cv-00432-ADA (W.D. Tex.) (D.I. 35) (November 5,

---

[3] This reasoning was recently confirmed by Judge Payne in the Eastern District of Texas in two related cases. *See Estech Sys., Inc. v. Wells Fargo & Co.*, No. 2:20-cv-00128-JRG-RSP, Report and Recommendation, Dkt. No. 75 at 6-7 (E.D. Tex. Aug. 27, 2020) (Payne, J.) (denying motion to dismiss indirect infringement claim where plaintiff alleged defendant's knowledge of the asserted patents "at least as of the date when it was notified of the filing of this action."); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, Report and Recommendation, Dkt. No. 69 at 8 (E.D. Tex. Aug. 10, 2020) (Payne, J.) (same, holding that "[i]t would be premature at this stage to distinguish between pre- and post-filing conduct").

2019); *id.,* Minute Order Granting Motion to Dismiss (D.I. 101) (Jan. 31, 2020) (text order only) ("Plaintiff may replead the dismissed claims in each case if Plaintiff are able to gather the sufficient facts during fact discovery to support such an allegation."); *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 U.S. Dist. LEXIS 155285, at *3 (W.D. Tex. Aug. 6, 2019) (Albright, J.) ("the Court will dismiss VLSI's claims of indirect infringement without prejudice to the refiling of these claims after discovery has been conducted."). In the other cases cited by Defendant, the respective plaintiffs did not request leave to amend. *See Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 U.S. Dist. LEXIS 225719, at *11 (W.D. Tex. Nov. 30, 2018) (Yeakel, J.) (granting motion to dismiss); *Aguirre v. Powerchute Sports, LLC,* No. SA-10-cv-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (same). And *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) was decided at a much later stage of the case, after all of the evidence in the case had been exchanged, and the Court concluded that there *was* sufficient evidence of willful blindness. *Id.* at 764. Defendant's Motion on pre-suit indirect infringement should therefore be denied.

*Willful Infringement*. Facebook also misses the mark in asking the Court to dismiss USC IP's allegations of willful infringement. Facebook attempts to characterize the allegation as a single "bald assertion" in the Complaint. Dkt. No. 9, Mot. at 9. But in reality, the Complaint contains the following fulsome allegations regarding Facebook's willful infringement:

> 53. Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action.
>
> 54. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of USC IP's patent rights.
>
> 55. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.
>
> 56. Defendant's direct and indirect infringement of the Asserted Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

Taken together, and "considering the totality of the circumstances set forth in the pleadings," USC IP has stated a claim for willful infringement that meets the plausibility standard. *See Frac Shack, Inc. v. Afd Petroleum Tex. Inc.*, No. 7:19-cv-00026-DC, 2019 U.S. Dist. LEXIS 141114, at *5-6 (W.D. Tex. Jun. 13, 2019) (Albright, J.) (denying a motion to dismiss a claim for indirect infringement when plaintiff alleged that "all Defendants have had knowledge of how the use of the Octofueler infringes the '906 Patent from at least the service of the Original Complaint on August 6, 2018 . . . and despite such knowledge, [Defendant] continues to infringe the '906 Patent."). Moreover, other courts have established that pre-suit knowledge of an asserted patent is not required to state a claim for willful infringement, following the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). *See, e.g.*, *Packet Intelligence LLC v. NetScout Sys.*, No. 2:16-cv-00230-JRG, 2019 U.S. Dist. LEXIS 93710, at *25-26 (E.D. Tex. Jun. 4, 2019) (Gilstrap, C.J.) ("It is well-settled, <u>at least in this District</u>, that post-[filing] behavior can establish willful infringement.") (emphasis in original), *rev'd in part on other*

*grounds*, No. 2019-2041, 2020 WL 3966973 (Fed. Cir. Jul. 14, 2020).; *KIPB LLC v. Samsung Elecs. Co.*, 2:19-cv-00056-JRG-RSP, 2020 U.S. Dist. LEXIS 56736, at *10-12 (E.D. Tex. Mar. 9, 2020) (Payne, J.) (denying motion to dismiss a claim of willful infringement because "an allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement.") (internal quotation marks omitted), (quoting *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *6 (E.D. Tex. Sept. 22, 2017) (Gilstrap, J.) (denying motion to dismiss a claim for willful infringement because "post-complaint knowledge has been found to be sufficient under *Halo* to assert a claim of willfulness.")).[4] USC IP respectfully submits that the same reasoning should apply here, and the Motion should be denied.

### d. If a More Definitive Statement Is Required, USC IP Should Be Granted Leave to Amend.

As shown above, USC IP has appropriately satisfied the pleading requirements of the Federal Rules at this early stage of the litigation. If the Court finds, however, that USC IP's original complaint falls short on any of those requirements, the appropriate remedy is not dismissal but rather an order that USC IP amend the Complaint to remedy any ambiguity to the extent that information is publicly available. *See Iron Oak Techs., LLC*, 2018 U.S. Dist. LEXIS 57309 at *6 (granting a partial motion to dismiss claim for contributory infringement and granting plaintiff leave to amend complaint for a second time).

---

[4] This reasoning was recently confirmed by Judge Payne in the Eastern District of Texas in the *Estech* line of cases cited *supra*, n.3. *See Estech Sys., Inc. v. Wells Fargo & Co.*, at 11-12 (denying motion to dismiss willful infringement claim); *Estech Sys., Inc. v. Target Corp.*, at 10-11 (same).

### III. CONCLUSION

For the foregoing reasons, USC IP respectfully submits that the Court should deny the Motion in its entirety. In the alternative, USC IP respectfully requests that the Court grant leave to amend the Complaint to cure any deficiencies.

Dated: September 11, 2020                    Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

*Attorneys for Plaintiff USC I.P. Partnership, L.P.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 11, 2020, the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams
