IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| USC IP PARTNERSHIP, L.P., | § § § | |
| Plaintiff, | § | Civil Action No. 2:20-cv-00555-ADA |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| FACEBOOK, INC., | § § | |
| Defendant. | § § § § | |

**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF
ITS RULE 12(b)(6) MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ........................................................................................................................ 1
    A. PLAINTIFF STILL DOES NOT STATE A CLAIM FOR DIRECT INFRINGEMENT ............................................................................................... 1
    B. PLAINTIFF STILL DOES NOT STATE A CLAIM FOR INDIRECT INFRINGEMENT ............................................................................................... 5
    C. PLAINTIFF STILL DOES NOT STATE A CLAIM FOR WILLFUL INFRINGEMENT ............................................................................................... 6
    D. PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND ITS COMPLAINT ............................................................................................................. 8
III. CONCLUSION ..................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-cv-0702-XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ................................. 6

*De La Vega v. Microsoft Corp.*,
   No. 19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............................ 2, 3

*Frac Shack, Inc. v. Afd Petroleum Tex. Inc.*,
   No. 7:19-cv-00026-DC, 2019 WL 3975284 (May 23, 2019) ................................................. 8

*Inhale, Inc v. Gravitron, LLC*,
   No. 1-18-CV-762- LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ................................. 6

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*
   No. 1-14-cv-134-LY, 2015 U.S. Dist. LEXIS 74262 (W.D. Tex. Mar. 24,
   2015) ................................................................................................................................. 3, 4

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014) ............................................................................................................... 5

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) .............................................................................................. 4

*Marucci Sports, L.L.C. v. NCAA*,
   751 F.3d 368 (5th Cir. 2014) .................................................................................................. 8

*MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*,
   No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607 (E.D. Tex. Jun.
   7, 2016) (Love, J.) .................................................................................................................. 4

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 U.S. Dist. LEXIS 225719 (W.D. Tex. Nov. 30,
   2018) (Yeakel, J.) ................................................................................................................... 6

*Packet Intelligence LLC v. NetScout Sys.*,
   No. 2:16-cv-00230-JRG, 2019 U.S. Dist. LEXIS 93710 (E.D. Tex. Jun. 4,
   2019) (Gilstrap, C.J.), *rev'd in part on other grounds*, No. 2019-2041, 2020
   WL 3966973 (Fed. Cir. Jul. 14, 2020) ................................................................................... 7

*Parity Networks, LLC v. Cisco Sys.*,
   No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094 (W.D. Tex. Jul.
   26, 2019) ............................................................................................................................ 4, 6

*Parus Holdings Inc. v. Apple Inc.*,
 6:19-cv-00432-ADA (W.D. Tex.) (Jan. 31, 2020) ..................................................................6

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission &
 Processing Sys. Patent Litig.*),
 681 F.3d 1323 (Fed. Cir. 2012)..............................................................................................2

*Raytheon Co. v. Cray, Inc.*,
 No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 (E.D. Tex. Mar.
 13, 2017) ................................................................................................................................4

*Stripling v. Jordan Prod. Co.*,
 LLC, 234 F.3d 863 (5th Cir. 2000)........................................................................................8

*Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*,
 67 F. Supp. 3d 637 (D. Del. 2014).........................................................................................2

*VLSI Tech., LLC v. Intel Corp.*,
 No. 6:19-CV-000254-ADA, 2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug.
 6, 2019) (Albright, J.) ............................................................................................................6

**Statutes**

35 U.S.C. § 284....................................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 15(a)(1)..................................................................................................................2, 8

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................1, 9

**I.      INTRODUCTION**

Plaintiff still has not identified any Facebook product or feature that plausibly resembles an "intent engine" in the accused Facebook system, despite having had the opportunity to freely amend its complaint to do so.  Instead, Plaintiff's brief doubles down on the vague and incomplete allegations laid out in its original complaint, and argues that its broad identification of "Facebook News Feed" as the "Accused Instrumentalities," coupled with the service of its initial infringement contentions, is sufficient at the pleading stage.  Not true.  Without providing *any factual allegations* in its complaint that purport to identify an "intent engine" in the accused Facebook system, let alone how such an "intent engine" is used in the accused system, Plaintiff fails to describe a key element of several limitations in Claim 1, and therefore cannot support its claim for direct infringement.  Dismissal of this action is warranted.[1]

Plaintiff's indirect infringement claims remain similarly deficient.  As Plaintiff concedes, absent direct infringement allegations, Plaintiff cannot plausibly allege indirect infringement.  Nor does Plaintiff make any effort to allege pre-suit knowledge of infringement to support its pre-suit induced or contributory infringement claims.  For the same reason, Plaintiff's threadbare willfulness allegations should also be dismissed.

In light of the above, the complaint does not state a plausible claim for infringement. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate.

**II.     ARGUMENT**

   **A.     Plaintiff Still Does Not State a Claim for Direct Infringement**

Plaintiff still fails to allege any facts that could plausibly support an inference that any

---

[1] Facebook denies all allegations in Plaintiff's response not explicitly denied in Facebook's Motion to Dismiss.

1

Facebook product or feature constitutes an "intent engine." Instead, Plaintiff broadly contends that identifying "Facebook News Feed" as the "Accused Instrumentalities" is enough at the pleading stage[2], and points to its initial infringement contentions as evidence that it has sufficiently identified how the "Accused Instrumentalities" infringe Claim 1 of the Asserted Patent. (D.I. 13 at 3-6). Even assuming that Plaintiff's initial infringement contentions (which Plaintiff did not provide the Court) were adequate (they are not), Plaintiff's complaint remains deficient. As stated in Facebook's Opening Brief, (*see* D.I. 9 at 4-5), the law requires Plaintiff to plead sufficient *facts* to plausibly support a reasonable inference that a Facebook product practices each of the limitations in the asserted claim(s). *De La Vega v. Microsoft Corp.*, No. 19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020); *see also Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*, 67 F. Supp. 3d 637, 642 (D. Del. 2014) ("To show infringement of a patent, a patentee must supply sufficient evidence to prove that the accused product or process contains, either literally or under the doctrine of equivalents, every limitation of the properly construed claim.") (internal citation omitted). That Plaintiff had the opportunity to amend its original complaint as a matter of course under the Federal Rules (*See* Fed. R. Civ. P. 15(a)(1)), and has opted not to do so, highlights the fact that it cannot plausibly allege any facts to support an inference that Facebook meets any of the limitations in Claim 1 involving an "intent engine."

---

[2] In support of this contention, Plaintiff cites to *R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1335 (Fed. Cir. 2012), which is inapposite. For one, the Federal Circuit's decision in *R+L Carriers* was predicated on "the specificity required by Form 18," which was abrogated by the Federal Rules in 2015. *Id.* at *1334-35; Fed. R. Civ. P. historical note; *id.* at appendix of forms (noting abrogation). Moreover, the complaint at issue in *R+L Carriers* "reference[d] specific claim elements that R+L asserts are being practiced," and, in so doing, "provide[d] Qualcomm with information about which claims of the patent R+L assert[ed] are being infringed, and by whom, and about the activities R+L believes constitute infringement." *Id.* at 1335. As articulated in Facebook's Opening Brief, such is not the case here.

Dismissal is appropriate.

Plaintiff attempts to distinguish the Court's holding in *De La Vega* on the basis that it involved a claim for joint infringement rather than direct infringement, (D.I. 13 at 7), but the bottom line is that the relevant portion of the Court's decision applies with equal force here. That is, contrary to Plaintiff's suggestion, the Court's decision to dismiss the plaintiff's complaint in *De La Vega* was not predicated solely on the fact that the limitation at issue was one that required multiple actors such that it called into question the plaintiff's joint infringement claim. Rather, the Court found that the plaintiff had failed to identify several important elements of the "coupling" limitation "in the context of the accused instrumentality and/or describe[] how each operates," and determined that "[b]ecause Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted." *De La Vega*, 2020 WL 3528411, at *16-17. Just as the plaintiff in *De La Vega* failed to provide "even a short written description of how the accused instrumentalities [met] the 'coupling' limitation," so too does Plaintiff here fail to provide even a short written description of how "Facebook News Feed" and "its computing infrastructure" meet the "intent engine" limitations. Again, dismissal is appropriate.

Plaintiff's series of cases it claims are exemplars of situations in which courts "have denied motions to dismiss based on descriptions of accused instrumentalities that are less detailed than that provided by USC IP" are distinguishable. (D.I. 13 at 4-5.) In *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, the issue was not whether the plaintiff had pled sufficient facts to support a plausible inference that the defendant practiced each of the claim limitations required for

3

direct infringement[3] (as is the case here), but whether the plaintiff's failure to identify with particularity each of the asserted claims was fatal to its complaint. No. 1-14-cv-134-LY, 2015 U.S. Dist. LEXIS 74262, at *9-11 (W.D. Tex. Mar. 24, 2015) (Yeakel, J.). Again, here the issue is not that Plaintiff has not identified every potential asserted claim, it is that Plaintiff has not sufficiently pled facts to support its infringement allegations for even the single claim mentioned in its complaint. The court's decision in *MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*, No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *9 (E.D. Tex. Jun. 7, 2016) (Love, J.) further illustrates this point. In *Maz Encryption Techs.*, the court denied the defendants' motion to dismiss because the plaintiff had "set[] forth *each limitation* of each of the asserted claims and cite[d] to Defendants' [products] as factual bases to support its allegations of infringement." *Id.* at *9 (emphasis added) (internal citation omitted). Similarly, in *Raytheon Co. v. Cray, Inc.*, the court determined that the plaintiff's direct infringement allegations were sufficient in view of the Federal Circuit's decision in *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016), which it interpreted as "require[ing] factual allegations sufficient to give rise to a plausible inference that a device meets *all elements* of a *specific claim*." No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Payne, J.) (emphasis in original). Plaintiff has not done so here.[4]

---

[3] *Joao Control* is also distinguishable in that the basis for the Court's holding that the plaintiff's direct infringement allegations were sufficient was that the plaintiff had completed Form 18, which was abrogated in by the Federal Rules in 2015. 2015 U.S. Dist. LEXIS 74262, at *9; *see also* Fed. R. Civ. P. historical note; *id.* at appendix of forms (noting abrogation).
[4] Plaintiff also cites *Parity Networks, LLC v. Cisco Sys.*, where the plaintiff had already filed an amended complaint, and had yet to serve its infringement contentions, which led the Court to conclude that the "deficiencies" in its pleadings could be cured in its contentions. No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094 at *4 (W.D. Tex. Jul. 26, 2019) (Albright, J.). Here, as described above, Plaintiff has made no effort to amend its complaint and has already served its initial infringement contentions, which are similarly deficient, indicating that it cannot address the deficient direct infringement allegations in its complaint

In the absence of any coherent factual allegations that could support a plausible inference that any Facebook product or feature constitutes an "intent engine," as required by at least four of Claim 1's limitations, Plaintiff's direct infringement claims should be dismissed.

### B.     Plaintiff Still Does Not State a Claim for Indirect Infringement

*First*, as Plaintiff acknowledges, (*see* D.I. 13 at 8 n.2), there cannot be any indirect infringement without direct infringement.  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014).  Plaintiff therefore fails to state a claim for indirect infringement because there has been no plausible allegation of a single direct infringer.  (*See supra* Section I(A).)

*Second*, Plaintiff's pre-suit indirect infringement claims should also be dismissed. Rather than attempt to argue that it sufficiently alleged pre-suit knowledge in support of any claims of pre-suit indirect infringement or willfulness, Plaintiff contends in its response that its pre-suit indirect infringement claims should not be dismissed on the basis that it is premature for the Court to parse between pre and post-suit knowledge.[5]  (*See* D.I. 13 at 8-11.)  As an initial matter, Plaintiff cites no authority from this district in support of this contention.  Even worse, Plaintiff makes no effort to distinguish the controlling case law Facebook cites in its Opening Brief, (*See* D.I. 9 at 8), which directly contradicts Plaintiff's contention and demonstrates that this Court has repeatedly dismissed pre-suit indirect infringement claims for a lack of pre-suit knowledge.  Instead, Plaintiff argues that the fact that the Court has "freely granted [] plaintiffs leave to amend" somehow compels the denial of Facebook's motion to dismiss Plaintiff's pre-suit indirect infringement claims.  (D.I. 13 at 10-11.)   Not only does this argument not follow as a logical matter, but also, Plaintiff mischaracterizes the Court's prior holdings.  As Plaintiff acknowledges in its brief, this Court has repeatedly granted motions to dismiss pre-suit indirect infringement claims that are

---

[5] Facebook notes that Plaintiff's brief is silent as to the complaint's insufficient willful blindness allegations, which are discussed in Facebook's Opening Brief.  (D.I. 9 at 8-9.)

5

similar to those at issue in this case without granting the plaintiff any leave to amend. *See, e.g., Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 U.S. Dist. LEXIS 225719, at *11 (W.D. Tex. Nov. 30, 2018) (Yeakel, J.) (granting motion to dismiss); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (same). Moreover, even where the Court has granted plaintiffs leave to amend, it has not done so "freely." To the contrary, in the cases Plaintiff points to, the Court's decision was explicitly conditioned on the plaintiff's ability to "elicit sufficient facts to support such an allegation." *Castlemorton Wireless, LLC, v. Comcast Corp., Comcast Cable Commc'ns, LLC*, Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only); *see also Parus Holdings Inc. v. Apple Inc.,* 6:19-cv-00432-ADA (W.D. Tex.) (D.I. 101) (Jan. 31, 2020) ("Plaintiff may replead the dismissed claims in each case if Plaintiff are able to gather the sufficient facts during fact discovery to support such an allegation."); *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 U.S. Dist. LEXIS 155285, at *3 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (same). As discussed further below in Section II(D), that Plaintiff has had ample opportunity to amend its complaint in order to allege facts of Facebook's pre-suit knowledge of the '300 patent illustrates that it cannot make such a showing. To the extent Plaintiff alleges pre-suit indirect infringement, those allegations should be dismissed.

        **C.**     **Plaintiff Still Does Not State a Claim for Willful Infringement**

Plaintiff's willful infringement allegations should similarly still be dismissed. Plaintiff has failed to plead any plausible facts regarding Facebook's alleged pre-suit knowledge of infringement of the '300 Patent. As stated in Facebook's opening brief, (D.I. 9 at 9), a claim for willfulness-based enhanced damages requires knowledge of alleged infringement of the asserted patent "as of the time of the claim's filing." *Parity Networks*, U.S. Dist. LEXIS 144094, at *5; *see also Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762- LY, 2018 WL 7324886, at *3 (W.D. Tex.

6

Dec. 10, 2018) (dismissing claim because complaint "lacks factual allegations raising a reasonable inference of pre-suit knowledge" of patent). In its response, Plaintiff makes no effort to distinguish this authority, and instead cites to three decisions from *other courts* for the proposition that *pre-suit* knowledge of an asserted patent is not required to state a claim for willful infringement.[6] At a minimum, Plaintiff's pre-suit willful infringement allegations should be dismissed.

Regarding willful infringement more generally, Plaintiff points to the allegations in paragraphs 53-56 of its complaint as evidence of its "fulsome allegations regarding Facebook's willful infringement." (*See* D.I. 13 at 11-12.) But even accepting these allegations as true, none of them amount to factual allegations that could lead to the plausible inference that Facebook willfully infringed.

> 53. Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action.
>
> 54. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of USC IP's patent rights.
>
> 55. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.
>
> 56. Defendant's direct and indirect infringement of the Asserted Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

---

[6] Indeed, one of the cases Plaintiff cites from the Eastern District of Texas explicitly acknowledged that its holding was unique to that district. *See Packet Intelligence LLC v. NetScout Sys.*, No. 2:16-cv-00230-JRG, 2019 U.S. Dist. LEXIS 93710, at *25-26 (E.D. Tex. Jun. 4, 2019) (Gilstrap, C.J.) ("It is well-settled, <u>at least in this District</u>, that post-[filing] behavior can establish willful infringement.") (emphasis in original), *rev'd in part on other grounds*, No. 2019-2041, 2020 WL 3966973 (Fed. Cir. Jul. 14, 2020).

(D.I. 1 at 15.)[7]  Critically, Plaintiff never addresses its citation of the wrong standard for willful infringement in paragraph 55, rendering the allegations implausible on their face.  Beyond this fatal defect, Plaintiff alleges in these paragraphs that Facebook has had knowledge of the '300 patent as of the filing of this action, (¶ 53), and that Facebook allegedly (without any evidence) has a policy of not reviewing the patents of others. (¶ 54).  Neither of these allegations is tied to any facts, nor do they otherwise show any knowledge by Facebook of its alleged infringement of the '300 patent or even of the existence of the '300 patent.

As there are no plausible factual allegations to support the claim of willful infringement, Plaintiff's willful infringement allegations should be stricken and its claim for willfulness-based enhanced damages under 35 U.S.C. § 284 should be dismissed.

> **D.** **Plaintiff Should Be Denied Leave to Amend its Complaint**

Plaintiff's request for leave to amend its complaint should be denied because amendment would be futile.  *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 379 (5th Cir. 2014); *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872-73 (5th Cir. 2000).  Following the service of Facebook's Opening Brief, the Federal Rules provided Plaintiff with abundant time to amend its complaint and remedy the deficiencies set forth in this reply, along with those noted in Facebook's Opening Brief.  Fed. R. Civ. P. 15(a)(1).  Plaintiff's failure to amend illustrates its inability to state plausible facts supporting its allegations.  And Plaintiff's inability to state plausible facts is accentuated by its initial infringement allegations – which Plaintiff tellingly did not attach – as they feature the same deficiencies as Plaintiff's complaint.  Dismissal is the appropriate remedy.

---

[7] The *Frac Shack* decision on which Plaintiff relies is distinguishable in that in it, the plaintiff provided a series of factual details in its complaint to suggest that the defendant had actually engaged in willful infringement.  *Frac Shack, Inc. v. Afd Petroleum Tex. Inc.*, No. 7:19-cv-00026-DC, D.I. 38 at 41, 45 (W.D. Tex. Jun. 13, 2019) (Albright, J.); *see also id.*, 2019 WL 3975284 at 15-16 (May 23, 2019).

## III.  CONCLUSION

For the foregoing reasons, and the reasons enumerated in Facebook's Opening Brief In Support of its Motion to Dismiss, the complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated:  September 18, 2020

/s/ *Heidi L. Keefe*

Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone:   (650) 843-5000
Fax:         (650) 849-7400
hkeefe@cooley.com

*Attorneys for Defendant Facebook Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 18, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Heidi L. Keefe*
Heidi L. Keefe
