IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| USC IP PARTNERSHIP, L.P., § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | 6-20-CV-00555-ADA |
| § | | |
| FACEBOOK, INC., § | | |
| *Defendant.* § | | |
| § | | |

## ORDER DENYING MOTION TO TRANSFER

For consideration by this Court this date is Defendant Facebook, Inc.'s Opposed Motion to Transfer Venue to the Austin Division pursuant to 28 U.S.C. § 1404(a) that was filed on September 25, 2020. The Court has considered Facebook's Motion to Transfer, Plaintiff USC IP Partnership, L.P.'s Response to the Motion, and Facebook's Reply. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court is of the opinion that the Motion should be **DENIED**.

### I. INTRODUCTION

A party seeking a transfer to an allegedly more convenient forum carries a significant burden. *Babbage Holdings, LLC v. 505 Games (U.S.), Inc.*, No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195, at *12–14 (E.D. Tex. Oct. 1, 2014) (stating the movant has the "evidentiary burden" to establish "that the desired forum is clearly more convenient than the forum where the case was filed"). Facebook's Motion to Transfer to the Austin Division constitutes an intra-district request to transfer. Neither Facebook nor USC contests that venue is proper in the Western District of Texas ("WDTX"). *See* Def.'s Mot. at 4, ECF No. 16; Pl.'s Original Compl. at 2, ECF No. 1 at ¶ 5. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n. 10 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). Facebook moved to have this case

1

transferred to the Austin Division of the WDTX. This Court finds that Facebook fails to show that transfer is warranted.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that, "for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which the parties have consented." If the civil action might have been brought in the destination venue, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden the movant must show is that the transferee venue is clearly more convenient than the transferor venue. *Volkswagen II*, 545 F.3d at 314. The plaintiff's choice of venue is not

absolute. However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.

### III. BACKGROUND

Plaintiff USC is a Texas company with its principal place of business in Irving, Texas. Pl.'s Resp. at 1–2. Defendant Facebook is incorporated under Delaware law with its principal place of business in Menlo Park, California. Def.'s Mot. at 1–2.

USC filed this lawsuit on June 22, 2020, alleging infringement of U.S. Patent No. 8,645,300 ("the '300 patent"). Pl.'s Compl. According to USC, the '300 patent "teaches systems and methods for processing information from visitors to one or more websites. Specifically, determining a visitor's intent and using a visitor's intent to predict and suggest webpages for the visitor." *Id.* at 3 ¶ 8. "Facebook denies any and all allegations of infringement and also denies that the complaint has adequately pled infringement with respect to any limitation of any asserted claim." Def.'s Mot. to Dismiss, ECF No. 9 at 1.

### IV. ANALYSIS

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. For the purposes of this case, Facebook does not dispute that venue is proper in the Western District of Texas in either the Waco or Austin divisions. Def.'s Mot. at 2. Whether a Court should grant a motion to transfer is determined through a careful consideration of public and private interest factors. *Volkswagen I*, 371 F.3d at 203.

Facebook argues that four of the factors favor transfer to the Austin Division: (1) ease of access to sources of proof; (2) cost of attendance for willing witnesses; (3) other practical problems; (4) and local interest. Def.'s Mot. at 4. Facebook asserts that the remaining four

factors are neutral. *Id*. It is the burden of the party requesting the transfer to show that the transferee court is clearly more convenient, warranting the transfer of venue. *Babbage Holdings, LLC v. 505 Games (U.S.), Inc.,* No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195, at *12–14 (E.D. Tex. Oct. 1, 2014) (stating the movant has the "evidentiary burden" to establish "that the desired forum is clearly more convenient than the forum where the case was filed").

USC argues that Facebook has not met its burden that the Austin Division is "clearly more convenient." Pl.'s Resp. at 6; *see also Volkswagen II*, 545 F.3d at 314. USC states that "at least three of the private interest factors weigh against transfer, and the remaining factors are neutral." *Id*.

**A.  The Private Interest Factors Weigh Strongly Against Transfer.**

*i.  The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *2. The pertinent question is "*relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). Here, the Court finds that relative ease of access to sources of proof is neutral and does not favor transfer.

Facebook alleges that no pertinent documents are likely to be found in the Waco Division because neither Facebook nor USC have relevant business operations in the Waco Division. Def.'s Mot. at 5. Facebook asserts that "this alone supports transfer." *Id*. The Court disagrees.

4

The absence of relevant documentation in a particular venue does nothing on its own to establish that another requested venue is clearly more convenient. *See Volkswagen II*, 545 F.3d at 314. Facebook subsequently concedes that a majority of any relevant evidence would come from Northern California or outside of Texas. Def.'s Mot. at 5. This concession undermines Facebook's request to transfer, given that most relevant evidence will be located in the Northern District of California and not the Austin Division. Facebook does state that, "to the extent that there are any relevant documents or materials in the Western District of Texas, those are located in Austin." *Id*. However, this statement is not sufficiently specific to allow this Court to adequately determine that the relative ease of access to sources of proof factor weighs in favor of transfer.

1. *Sources of proof must be identified with specificity.*

"Vague assertions and unknown relevance and location of potential sources of evidence" results in a court being unable to weigh the relative ease of access to sources of proof factor in its transfer of venue analysis, because "the weighing of this factor would be merely speculative." *Astute Tech., LLC v. Learners Digest Int'l LLC*, 2014 U.S. Dist. LEXIS 197246, at *30 (citing *In re Apple Inc.*, 743 F.3d 1377, 1379 (Fed. Cir. 2014)).

Neither party points to the location of any specific documentation or sources of proof.

2. *Witnesses are not a source of proof.*

Both Facebook and USC discuss witness availability and ease of attendance for witnesses under this factor. This Court has established that witnesses are not properly considered under this factor. *Kuster v. Western Digital Tech., Inc.*, No. 6:20-cv-00563-ADA (W.D. Tex. February 9, 2021); *Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D. Tex. February 2, 2021)

("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' *as opposed to witnesses.*") (emphasis added).

Because neither party points to specific documentation or sources of proof, the Court considers this factor to be neutral.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Both parties agree that this factor is neutral. Def.'s Mot. At 8; Pl.'s Resp. at 12. The Court agrees.

### iii. The Cost of Attendance for Willing Witnesses

The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." *Id*. (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *Volkswagen I*, 371 F.3d at 204–05). Under 5th Circuit precedent, this Court applies the "100–mile rule" in determining this factor.

Facebook advances three arguments supporting its assertion that this factor weighs in favor of transfer: (1) the majority of relevant evidence is likely to come from the accused infringer, Facebook, and the Austin Division is more convenient for Facebook's witnesses; (2) Plaintiff chose to file in the Western District of Texas rather than the Northern District (where Dallas is located) and, therefore, acquiesced to minor costs imposed on its witnesses; and (3) the lack of direct flights to the Waco Division. Def.'s Reply at 4; *see also* Def.'s Mot. at 6–7.

6

The Court will address each argument in turn. First, Facebook states that the bulk of relevant evidence is likely to come from Facebook, and that the Austin Division is more convenient for Facebook's witnesses.. *Id*. However, Facebook fails to provide specific information as to the identity of probable witnesses or even classes of witnesses. The assertion that the Austin Division would be more convenient for Facebook's witnesses without more is pure conjecture and lacks adequate specificity for the Court to accord it any weight.

Second, Facebook contends that USC chose to file in the Waco Division, and therefore acquiesced to any costs necessarily imposed on USC's witnesses traveling from Dallas to the Waco Division. Facebook contends that it is subsequently improper for USC to argue that it would be inconvenienced by a transfer of the case to the Austin Division. *Id*. Facebook states, "Plaintiff baldly asserts that transferring this case to the Austin Division would impose a material change in inconvenience on its witnesses and inventors in North Texas by causing them to travel an additional 100 miles." *Id*; *see also* Def.'s Reply at 4, n. 5. The Court disagrees. This Court is bound by Fifth Circuit precedent to apply the 100–mile rule which states thatinconvenience increases in *direct relationship* to the *additional distance traveled*. *In re Radmax, Ltd.,* 720 F.3d 285, 288 (5th Cir. 2013); *Volkswagen I*, 371 F.3d at 204–05. In applying the 100-mile rule, the Court finds that an additional 100 miles of travel for USC's witnesses increases the inconvenience in direct relationship and does impose a material change.

Third, Facebook's main argument under this factor is focused on the inability of witnesses to obtain direct flights into Waco. Def.'s Mot. at 6–7. Facebook maintains that direct flights are not generally available to Waco from the Northern District of California, and that these flights would require willing witnesses to access connecting flights usually out of Dallas or Austin to arrive in Waco for any trial pertaining to this case. *Id*. The Court disagrees with

Facebook that a trial in the Waco Division would be a significant cost imposed on Facebook. While the Court may consider factors such as the cost of travel accommodations for witnesses, including flights and hotels, these factors are highly impacted by various market forces that are unrelated to any particular venue. *See Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA, at 12–13 (W.D. Tex. February 2, 2021). As such, costs of flights and hotel accommodations are generally accorded very little persuasive weight under analysis of this factor.

For these reasons, this Court considers the cost of attendance for willing witnesses to be a neutral factor.

### iv.  All Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive

Facebook argues that because the case is "still in its early stages and discovery has not begun, a transfer to the Austin division would not result in any meaningful delay or prejudice." Def.'s Mot. at 7. Facebook then asserts that this weighs in favor of transfer to the Austin Division. *Id*. The fact that a transfer would not result in a delay of the case does not equate to support for the transfer of venue and, without more, merely results in this factor being resolved as neutral.

This factor may well be a component undergirding a denial of transfer when a case is not in its early stages. *See Uniloc2017 LLC v. Apple Inc.*, 6:19-cv-00532-ADA (W.D. Tex. Sept. 10, 2019) (denying transfer based, in part, on judicial economy because case is not in early stages (i.e., claim construction order issued, trial date set) and significant court congestion is present in transferee district). However, there is no reverse implication that because a case is in its early stages, that a transfer of venue is supported. As such, the Court considers this factor to be neutral.

8

**B.  The Public Interest Factors Weigh Strongly Against Transfer.**

*i.  The Administrative Difficulties Flowing from Court Congestion*

Both parties agree that this factor is neutral. Def.'s Mot. At 8; Pl.'s Resp. at 12. The Court agrees.

*ii.  The Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Facebook emphasizes the fact that it has offices and facilities located in Austin and that neither Facebook nor USC have business facilities in the Waco Division. Def.'s Mot. at 7–8. Due to the offices and facilities in the Austin Division, Facebook asserts that the Austin Division has a "more particularized interest and connection to the outcome" than does the Waco Division. *Id*.

USC rebuts stating: (1) the accused technology is prevalent throughout the U.S.; (2) Facebook has failed to provide specific information as to the number of employees working out of the Austin offices given the COVID-19 pandemic; and (3) Facebook's Austin offices are not alone sufficient to justify transfer. Pl.'s Resp. at 11–12.

First, to the extent that Facebook has employees currently working out of its Austin offices, those employees very likely reside near or within Austin, and there is a valid local interest in having this case decided in the Austin Division. Second, the Court is not persuaded that, "given the lack of evidence submitted by Facebook, there is no way to know whether the local interest currently lies in Austin any more than it does in Waco." *Id*. at 12. While Facebook employees may be working remotely due to the pandemic, the majority of the employees

presumably still reside in or around the Austin Division. Third, the Court agrees that Facebook's Austin offices alone do not justify or compel a transfer. No single public or private interest factor is dispositive in weight. *Action Indus., Inc.*, 358 F.3d at 340.

Because Facebook has employees currently or recently working out of its offices in Austin, the Court determines that this factor weights slightly in favor of transfer to the Austin Division.

### iii. *Familiarity of the forum with the law that will govern the case*

Both parties agree that this factor is neutral. Def.'s Mot. At 8; Pl.'s Resp. at 12. The Court agrees.

### iv. *Avoidance of unnecessary problems of conflict of laws or in the application of foreign law*

Both parties agree that this factor is neutral. Def.'s Mot. At 8; Pl.'s Resp. at 12. The Court agrees.

## V. CONCLUSION

Having found that the local interest in having localized interests factor weighs only slightly in favor of transfer and all other factors to be neutral, this Court finds that Facebook has not met its significant burden to demonstrate that the Austin Division is a clearly more convenient venue than the Waco Division. *See Volkswagen II*, 545 F.3d at 314. As such, this Court **DENIES** Facebook's Opposed Motion to Transfer Venue to the Austin Division.

SIGNED this 8th day of March, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE