IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **USC IP PARTNERSHIP, L.P.,** § | |
| *Plaintiff,* § | |
| § | 6:20-CV-00555-ADA |
| v. § | |
| § | |
| **FACEBOOK, INC.,** § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Facebook, Inc.'s ("Facebook") Motion to Dismiss Plaintiff USC IP Partnership, L.P.'s ("USC") direct infringement, indirect infringement, and willful infringement claims pursuant to Federal Rule of Civ Procedure 12(b)(6). ECF No. 9. After careful consideration of the briefs and applicable law, the Court is of the opinion that Facebook's Motion should be **DENIED-IN-PART** and **GRANTED-IN-PART**.

### I.   LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether

the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

## II.  ANALYSIS

### A. Direct Infringement

Facebook contends that Claim 1 of the '300 patent, the only asserted claim in USC's Complaint, requires an "intent engine," but the Complaint does not provide any description of the

purposed "intent engine" in the accused Facebook product. ECF No. 9 at 5. USC's Complaint identifies "Facebook News Feed" as the accused product. ECF No. 1 at ¶ 31. The Complaint alleges that by making and using the accused product, "Defendant receives *input parameters* from a web browser displaying a webpage" and "Defendant processes 'signals,' including *input parameters*, related to the visitor to the Accused Instrumentalities to *infer intent*," and "Defendant assigns a relevancy score for each story, based on at least the signals, which is a representation of how closely the story *matches the visitor's inferred intent*." *Id.* at ¶¶ 36-37, 40 (emphasis added); *see also* ECF No. 9 at 5-6. In explaining the concept of the asserted '300 patent, the Complaint states that "[t]he *intent engine processes the at least one input parameter* to determine at least one *inferred intent*" and "[t]he inferred intent is displayed on a webpage so that the visitor can confirm his or her intent." ECF No. 1 at ¶ 26 (emphasis added). Comparing USC's explanation of the '300 patent and the allegations about the accused Facebook product, the Court finds that the Complaint has sufficiently identified an "intent engine" as required in the asserted claim. To be clear, a plaintiff is not required to use the exact same term or language as used in the asserted claim when alleging infringement by the accused products. Rather, the plaintiff only needs to plead "factual content that allows the court to *draw the reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Here, based on the allegations in USC's Complaint, a reasonable inference can be drawn that Facebook's accused product includes an "intent engine." To the extent that Facebook argues that USC has not identified any specific feature of the accused product that constitutes an "intent engine," a plaintiff should not be barred at the dismissal stage "when the operation of [the accused product] is not ascertainable without discovery." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).

Facebook further contends that USC's Complaint does not "explain *how* such an 'intent engine' is used to meet the claim limitations." ECF No. 9 at 5 (emphasis in original). However,

USC's Complaint does explain how an "intent engine" is used in the accused Facebook product. *See* ECF No. 1 at ¶¶ 36-44. Further, a plaintiff is not required to prove its case at the pleading stage—such task is more appropriately assigned to infringement contentions. At the pleading stage, "[t]he court's task is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also ID Image Sensing LLC v. Omnivision Technologies, Inc.*, No. 20-cv-136-RGA, 2020 U.S. Dist. LEXIS 220189, *16 (D. Del. Nov. 24, 2020) (holding that it is unnecessary for a complaint to "establish" or "prove" each element of an asserted claim is met; instead, a plaintiff must only allege facts that "plausibly" indicate that the accused products contain each of the limitations found in the asserted claim).

Therefore, the Court finds that USC has sufficiently pled direct infringement in its Complaint and **DENIES** Facebook's motion to dismiss as to USC's direct infringement claim.

### B. Indirect Infringement and Willful Infringement

As for Facebook's knowledge of the asserted patent, USC alleges that "Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action" and "Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of USC IP's patent rights." ECF No. 1 at ¶¶ 53-54. Facebook contends that such allegations are insufficient to allege that Facebook had any pre-suit knowledge of any alleged infringement of the '300 patent, and therefore the Court should dismiss USC's (1) pre-suit indirect infringement claims, and (2) the entire or at least pre-suit willful infringement claim.

Because USC's the Complaint does not plead sufficient facts that would support an allegation of pre-suit knowledge, the Court **GRANTS** Facebook's motion to dismiss USC's pre-suit indirect and willful infringement claims. However, given that it may have been impossible for USC

to allege any pre-suit knowledge without the benefit of fact discovery, in accordance with the Court's usual practice, the Court permits USC to amend its Complaint after the start of fact discovery to include pre-suit indirect and willful infringement claims, if it is able to elicit sufficient facts to support such allegations. *See, e.g., Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020); *Castlemorton Wireless, LLC, v. Comcast Corp. et al.*, No. 6:20-cv-00034-ADA, Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only). Further, since USC alleges that Facebook has knowledge of the asserted patent and the alleged infringement at least at the commencement of this action, the Court finds that USC has sufficiently alleged its post-suit indirect and willful infringement claims.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Facebook's Motion to dismiss USC's direct infringement claim and post-suit indirect and willful infringement claims and **GRANTS** Facebook's Motion to dismiss USC's pre-suit indirect and willful infringement claims. However, USC is allowed to amend its Complaint and re-plead pre-suit indirect and willful infringement claims if it is able to elicit sufficient facts during fact discovery to support such allegations.

SIGNED this 23rd day of July, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE